

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 16, 1959 *Modifies WW-46*
*footnote 1, page 4*

Honorable Price Daniel
Governor of Texas
Austin, Texas

Opinion No. WW-728

Re: Whether a special
election to fill a
vacancy in the Legi
lature must be call
within any specifie
time, and related

Dear Governor Daniel:

questions.

Your request for an opinion reads as follows:

"Resignations from the 56th Legislature have occurred,
one from a Senatorial District and two from the Legislative
Districts.

"From my study of past occurrences, it seems to have
been the practice not to call special elections to fill
such vacancies when another election or the primary elec-
tion date is relatively close at hand. Section 13 of Article
III of the Texas Constitution gives authority to the Governor
to issue writs of election, further stipulating that if this
is not done within twenty days after the vacancies occur, the
returning officer of the District is authorized to order an
election. Articles 24, 32 and 32a of the Texas Election Code
provide several time limitations for calling elections, the
dates on which elections are to be held, and the deadline
for candidates to file for a place on the ballot.

"I request your opinion on the following questions:

"1. Under Section 13 of Article III, is it mandatory
for the Governor to call special elections to fill vacancies
in the Legislature within any specified time after the date
on which the vacancy becomes effective?

"2. Does the Texas Election Code impose any limitation
on the period of time that may elapse between the issuance
of a writ of election by the Governor and the date set for
the special election?

"3. May the special election be called for the same day as other elections to be held in the district, including separate primary elections, if such other election dates are more than 90 days after the vacancy is effective?"

Article III, Section 13 of the Texas Constitution provides:

"When vacancies occur in either House, the Governor, or the person exercising the power of the Governor, shall issue writs of election to fill such vacancies; and should the Governor fail to issue a writ of election to fill such vacancy within twenty days after it occurs, the returning officer of the district in which such vacancy may have happened, shall be authorized to order an election for that purpose."

The first portion of this section makes it the duty of the Governor to call elections to fill vacancies in the Legislature, but it does not expressly prescribe any specified time within which the election shall be called. Whether the last portion of the section implies a duty to call the election within twenty days after the vacancy occurs must be answered in the light of the wording of this provision and of the Governor's immunity from compulsory process.

The early Constitutions did not contain the provision authorizing the returning officer to call the election if the Governor failed to do so. This provision first appeared in the Constitution of 1866, and has been brought forward in subsequent Constitutions. Obviously, it was added in the realization that, under the rule exempting the Governor from judicial process, there was no way to compel him to perform this duty, and this alternative authority was given to the returning officer in order to provide a method for calling the election if the Governor failed to act. It is provided that the returning officer "shall be authorized" to order the election in the event the Governor fails to do so within twenty days after the vacancy occurs. This authorization is a permissive one: the returning officer may order the election but it is not mandatory that he do so. If it had been intended to make the calling of the election mandatory within this period of time, the logical way to achieve that result would have been to provide that the Governor shall issue the writs within twenty days after the vacancy occurs and to place upon the returning officer a positive, enforceable duty to order the election if the Governor fails to do so. Since this was not done, we are of the opinion that the provision authorizing but not requiring the returning officer to call the election cannot be taken as a mandate that the election shall be called within the twenty-day period.

Although the Constitution does not fix any specified time within which the Governor is to act, the Legislature has provided by statute that any election to fill an unexpired term shall be ordered immediately. The applicable portion of Section 32 of the Texas Election Code (Article 4.09, Vernon's Election Code) provides as follows:

"Election to fill unexpired term. Where vacancies
which are to be filled by election occur in a civil of-
fice, an election shall immediately be ordered to fill the
unexpired term."

There is some question as to whether the Legislature can restrict
a discretionary power placed in the Governor by the Constitution, but
we doubt that legislation prescribing definite time intervals for car-
rying out Section 13 of Article III would be held unconstitutional. So
in the absence of a court opinion holding Section 32 of the Election
Code unconstitutional, we advise you that in our opinion it is appli-
cable to this situation. However, the word "immediately" is flexible
when considered against a particular situation. The call should be
issued at the first reasonable opportunity, taking into consideration
the necessity for filling a particular office. Thus, in the present
situation where the regular session has already expired, the defini-
tion of "immediately" in Section 32 of the Election Code would depend
among other things upon the timing of one or more special sessions.

While the calling of a special session with several districts un-
represented would not impair the legality of a session, it seems clear
that Section 13 of Article III of the Constitution and Section 32 of
the Election Code when taken together place upon the Governor the duty
of calling an election to fill vacancies in order that every district
may be represented, and in view of the basic American doctrine of no
taxation without representation, this would be especially true if
taxes are to be voted at a special session.

Your second question is whether the Texas Election Code imposes
any limitation on the period of time that may elapse between the is-
suance of a writ of election by the Governor and the date set for the
special election.

(Preliminarily, it should be pointed out that the term "writ of
election" as used in Article III, Section 13 of the Constitution and
in the foregoing question is equivalent to the proclamation ordering
the election or the order for the election under Sections 24 and 32
of the Election Code, rather than the writ of election which is de-
livered to the presiding officer of an election precinct under Sec-
tion 26 of the Election Code.)

The following sections of the Election Code are pertinent to this
question.

Section 24 (Art. 4.01, Vernon's Election Code):

"Notice shall be given to the people of all elections
for State and district officers, * * *. Such notices shall
be by proclamation by the Governor ordering the election,
not less than thirty-five (35) days before the election,

issued and mailed to the several county judges."[1]

Section 28 (Art. 4.05, Vernon's Election Code):

"The county judge shall cause notice of a general election or any special election to be published by posting notice of election at each precinct twenty (20) days before the election; which notice shall state the time of holding the election, the office to be filled, or the question to be voted on; * * *. If a vacancy occurs in the State Senate or House of Representatives during the session of the Legislature, or within ten (10) days before it convenes, then twenty (20) days notice of a special election to fill such vacancy shall be sufficient. * * *"[2]

Section 32 (Art. 4.09, Vernon's Election Code):

"Where special elections are authorized by this Act, the officer authorized by law to order elections shall make such order, fixing the time of the election not less than twenty (20) nor more than ninety (90) days after the first public notice of such order. * * *"

Section 32a (Art. 4.10, Vernon's Election Code):

"Any person desiring his name to appear upon the official ballot at any special election held for the purpose of filling a vacancy, when no party primary has been held, may do so by presenting his application to the proper authority. * * *

"Such application must be filed not later than thirty (30) days before any such special election, * * *."

---

[1] Attorney General's Opinions 0-4690 and 0-4905 (1942) held that this statute applies to special elections to fill vacancies in the office of State Representative or State Senator. In discussing the earliest date on which an election could be held after a vacancy occurs, Attorney General's Opinion WW-46 (1957) did not take this statute into account, but we are of the opinion that it is applicable to these special elections.

[2] The first sentence of this statute formerly required posting of notice thirty days before the election. This period was reduced to twenty days in 1951, and now coincides with the twenty-day period which is permitted under the second sentence.

Section 32 requires that the election be held not less than twenty nor more than ninety days after the first public notice of such order. While Section 24 speaks of the Governor's proclamation as "notice * * * to the people," it is quite clear from the other statutory provisions that "first public notice" in Section 32 means the date on which the notice of election is posted, as provided in Section 28. Section 24 fixes a minimum period of thirty-five days between the date of the order and the date of the election, but it does not fix a maximum limit on this period. Section 28 requires the county judge to cause notice of the election to be posted at least twenty days before the date of the election, but it does not require that the notice be posted within any given number of days after he receives the order. It is seen from these provisions that the Election Code does not fix a specified time within which the election must be held after it is ordered.

Where a statute requires performance of an act but does not fix a specific time for performance, it must be performed within a reasonable time. The object of Section 32 is to fill the vacancy promptly, and the essential act to accomplish this purpose is the holding of the election. Obviously, the ordering of the election without a prompt performance of other necessary acts would be contrary to the intent of the statute. The requirements for an immediate ordering of the election and for holding the election within ninety days after notice encompass the intent that public notice of the election should be given in due course and within a reasonable time after issuance of the order, and that the election order should fix a date for the election not more than ninety days after posting in due course.

Your third question is whether the special election may be called for the same day as other elections to be held in the district, including separate primary elections, if such other election dates are more than 90 days after the vacancy is effective.

Since the time limit for holding the special election has been covered in our answer to the first and second questions, we shall answer this question solely from the standpoint of whether a special election to fill a vacancy in the Legislature may be held on the same day as other elections.

A number of prior Attorney General's opinions have held, expressly or impliedly, that a special election to fill a vacancy in the Legislature may be held on the same day and at the same place as other elections, including a party primary, but the special election must be conducted as a separate election, with separate ballots, ballot boxes, poll lists, returns, etc. Att'y Gen. Ops., Book 382, pp. 18, 48 (1938), 0-2539 (1940), 0-2853 (1940), 0-3473 (1941), 0-4872 (1942), V-1367 (1951), V-1448 (1952). We concur in these holdings that there is no legal obstacle to holding the special election at the same time and place as other elections. Of course, the consent of the authority having control of the other election would be necessary for a combination of the elections. With respect to some types of elections,

there would be matters of policy and practicability to be considered, but these are matters extraneous to the legality of combining the elections.

Whether the same election officers could conduct both elections would depend on the nature of the other election and the qualifications and method of appointment of the officers. Different considerations enter into this question, depending on whether the officers for the other election are appointed and paid by the county, by some other political subdivision, or by a political party (in the case of a primary election). For a discussion of this question, we refer you to the Attorney General's opinions cited above. Whether there would be any substantial saving of election cost in holding a special election for members of the Legislature along with a party primary is doubtful if Attorney General's Opinions O-2539 and V-1448 are followed. Since you did not ask this question, we did not review these opinions.

## SUMMARY

Article III, Section 13 of the Texas Constitution does not make it mandatory that the Governor call a special election to fill a vacancy in the Legislature within any specified time after the vacancy occurs, but Section 32 of the Texas Election Code (Article 4.09, Vernon's Election Code) makes it his duty to call the election immediately. However, the word "immediately" is flexible when considered against a particular situation. The call should be issued at the first reasonable opportunity, taking into consideration the necessity for filling a particular office. Where the regular session has already expired, the definition of "immediately" would depend, among other things, upon the timing of one or more special sessions.

The Election Code requires that the election be held not less than 20 nor more than 90 days after posting of the election notice, but does not impose any specified limit on the period of time that may elapse between issuance of the order for the election and posting of the notice. However, it is implied that the notice will be posted in due course and within a reasonable time after issuance of the order.

A special election to fill a vacancy in the Legislature may be called for the same day as other elections to be held in the district, including primary elections, and it may be held at the same place as other elections, but it should be conducted as a separate election with separate ballots, ballot boxes, returns, etc. Whether the same set

Honorable Price Daniel, page 7 (WW-728)

       of election officers could conduct both elections would
       depend on the nature of the other election.

                              Very truly yours,

                              WILL WILSON
                              Attorney General of Texas

                         By   *Mary K. Wall*
                                   Assistant

MKW:bh

APPROVED:

OPINION COMMITTEE:

W.V. Geppert, Chairman


Houghton Brownlee, Jr.
J.C. Davis, Jr.
Leon F. Pesek
C.K. Richards
B.H. Timmins, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
       Leonard Passmore